# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CARL COWAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:16-cv-234-MHT-PWG |
| | ) |
| PAUL JAMES CONNOLLY | ) |
| | ) |
|    Defendant. | ) |

## REPORT AND RECOMMENDATION

On February 29, 2016, Plaintiff Carl Cowan filed a civil complaint in the Circuit Court of Russell County, Alabama. (Doc. 1-2). The state court complaint, sounding exclusively in state law, alleged a single claim of negligence under § 32-5A-190, Ala. Code 1975. (Doc. 1-2 at ¶ 9). On April 5, 2016, Defendant Paul James Connolly removed the dispute to the United States District Court for the Middle District of Alabama, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

On April 22, 2016, within the 30 day requirement of 28 U.S.C. § 1447(c), Plaintiff filed a motion to remand this matter back to the Circuit Court of Russell County, Alabama. (Doc. 5). In the motion, Plaintiff argues that Defendant's removal was untimely and facially defective, and that the minimum amount in controversy

1

does not exceed $75,000.  On April 26, 2016, Defendant was ordered to file a response by May 10, 2016.  (Doc. 6).  On May 9, 2016, Defendant filed a response.  (Doc. 7).

The matter is before the undersigned pursuant to the order of reference dated April 12, 2016. (Doc. 4).  *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jefferey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).  The motion to remand is taken under submission on the record and without oral argument.  For the reasons discussed below, the motion to remand is due to be granted and this cause remanded to the Circuit Court of Montgomery County, Alabama.  Defendant did not timely remove the matter and has he has not met his burden to show the minimum amount in controversy.

**I.    PLAINTIFFS' COMPLAINT AND DEFENDANTS' NOTICE OF REMOVAL**

The facts alleged by Plaintiff in his complaint are brief.  Plaintiff alleged that he is a resident of Phenix City, Alabama, and that Defendant is an "out-of-state resident."[1]  (Doc. 1-2 at ¶¶ 1-2).  Plaintiff alleged that on December 8, 2014, Defendant failed to yield right of way to Plaintiff at an intersection in Phenix City, causing a collision that resulted in bodily injury to Plaintiff. (Doc. 1-2 ¶¶ 4-6).  On

---

[1] Defendant avers that he is a resident of Florida. (Doc. 1 at ¶ 4).

those alleged facts, Plaintiff demands "an award of special damages for past and future medical expenses in an amount to be shown at trial and general damages to be determined by a bench trial against [Defendant]. (Doc. 1-2 at ¶ 15). The only mention of a dollar amount of damages in the Complaint is that "[t]he charges totaled over $12,000.00 for [Plaintiff's] medical care." (Doc. 1-2 at ¶ 7).

Defendant filed his Notice of Removal on April 5, 2016, in which he stated that he "was served with Plaintiff's Complaint on March 5, 2016. (Doc. 1 at p.2). Defendant argued that "based upon correspondence from counsel for the Plaintiff the amount sought is in excess of the $75,000 threshold amount." *Id*.

**II. DISCUSSION**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be

3

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

When, as here, the purported statutory basis for federal jurisdiction is § 1332(a)(1) — a civil action satisfying the amount-in-controversy requirement and between "citizens of different States" — there must be "complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Also, "[d]iversity jurisdiction exists where ... the amount in controversy exceeds the statutorily prescribed amount, in this case, $75,000." *Griffith v. Wal-Mart Stores East, L.P*, 884 F. Supp. 2d 1218, 1222 (N.D. Ala. 2012) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case does not become removable until both conditions are present.

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.

2000). A removing defendant must establish the propriety of removal under 28 U.S.C. §§ 1441, 1446 and, therefore, must demonstrate the existence of federal jurisdiction. *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *Burns*, 31 F.3d at 1095.

In this case, there is no question that Defendant was served with the Complaint on March 5, 2016, and that Defendant filed his Notice of Removal on April 5, 2016. (Doc. 1-1 at p.33; Doc. 1 at p.2). Defendant stated that he was removing the matter to this court pursuant to 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Moreover, Rule 6, Fed. R. Civ. P., provides:

5

> When the period [in any statute] is stated in days or a longer unit of time:
>
> > (A) exclude the day of the event that triggers the period;
> >
> > (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> >
> > (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Applying Rule 6, the 30 day period provided in 28 U.S.C. § 1446(b) in this case on Monday April 4, 2015, which was not a legal holiday. The Eleventh Circuit has stated:

> The "legal requisites" of removal are found in the removal statutes and include, inter alia, those enunciated in § 1446(a) (the filing requirements) and § 1446(b) (the timeliness requirement). The failure to comply with these express statutory requirements for removal can fairly be said to render the removal "defective" and justify a remand pursuant to § 1447(c).

*Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

As noted above, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *Burns*, 31 F.3d at 1095. Moreover, Defendant concedes that "[u]pon the Motion to Remand the undersigned counsel found the inaccurate information and found that the removal was filed on the 31st day. Counsel is aware that the 30 days rule is fairly hard and

fast and as such understands that this Court may remand this action." (Doc. 7 at ¶ 4). Accordingly, Defendant's Notice of Removal was untimely, facially deficient, and due to be remanded to the Circuit Court of Russell County, Alabama.

## III.   CONCLUSION AND RECOMMENDATION

For these reasons, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion to remand (Doc. 5) is due to be **GRANTED** and this cause be remanded to the Circuit Court of Russell County, Alabama, because Defendant's notice of removal is procedurally defective.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 1, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    **DONE** and **ORDERED** this 18th day of May, 2016.

                                                    /s/ Paul W. Greene
                                                  United States Magistrate Judge